**In the Interest of S.R.B.**

No. 14–06–00864–CV.

Court of Appeals of Texas, Houston (14th Dist.).

July 24, 2008.

Rhonda Amkraut Pressley, John B. Worley, Austin, for appellants.

Jermaine Braxton Flowers, Sealy, pro se.

Panel consists of Justices FOWLER, FROST, and SEYMORE.

**OPINION**

CHARLES W. SEYMORE, Justice.

The trial court signed an "Adjudication of Nonparentage," ruling that Jermaine Braxton Flowers is not the biological father of two minor children: T.M.T. and S.R.B. The Attorney General of Texas appeals from the portion of the order finding that an "Acknowledgment of Paternity" ("AOP") executed by Flowers was invalid and adjudicating his non-paternity relative

to S.R.B.[1] In a single issue, the Attorney General contends the trial court's ruling violated pertinent provisions of the Texas Family Code. We reverse and remand the portion of the Adjudication of Nonparentage in which the trial court ruled the AOP was invalid and adjudicated Flowers's nonpaternity relative to S.R.B. We affirm the unchallenged portion of the Adjudication of Nonparentage concerning T.M.T.

## I. BACKGROUND

The Attorney General filed a "Petition To Establish The Parent–Child Relationship And Petition In Suit Affecting The Parent–Child Relationship (AOP)" concerning T.M.T. and S.R.B. Shenika Thomas is the mother of both children. The Attorney General alleged Flowers is the biological father of both children. However, the Attorney General's pleadings differed relative to paternity of each child.

In particular, the Attorney General sought a determination that Flowers is T.M.T.'s father. The Attorney General also requested genetic testing if any party denied Flowers's paternity of T.M.T.

With respect to S.R.B., Thomas and Flowers had both previously signed an AOP on the form promulgated by the Texas Bureau of Vital Statistics. Therefore, the Attorney General did not seek any determination regarding paternity of S.R.B. Rather, the Attorney General asserted that Flowers's paternity of S.R.B. had been established by the AOP.

The Attorney General ultimately sought orders establishing conservatorship and requiring Flowers to pay support for both

children. Flowers has not appeared in the trial court or on appeal.

The trial court conducted a hearing on the petition. To the surprise of the Attorney General, Thomas testified Flowers is *not* S.R.B.'s father, despite his signature on the AOP. Instead, Thomas identified another man as the father. The trial court orally announced its intent to dismiss the case based on this testimony. The Attorney General objected because Flowers had executed the AOP.

On June 30, 2006, the trial court signed an Adjudication of Nonparentage relative to both children. On the order, the trial court handwrote the reason for its ruling with respect to S.R.B.:

> The court after taking testimony regarding the Acknowledgment of (AOP) Paternity found the AOP is not valid. Shenika Thomas testified on the record Jermaine Braxton Flowers is not the biological father and the AOP was not properly executed. Therefore, the court finds Jermaine Braxton Flowers is not the biological father of [S.R.B.].

The Attorney General timely filed a motion for new trial, contending the trial court improperly found that the AOP was invalid. The Attorney General also requested that the trial court, at least, order genetic testing before adjudicating nonpaternity. After a hearing, the trial court denied the motion. The Attorney General appeals from the portion of the Adjudication of Nonparentage pertaining to S.R.B.

In addition, paternity testing revealed that Flowers is not T.M.T.'s biological father. Accordingly, in the Adjudication of Nonparentage, the trial court also ruled

1. The AOP was executed by "Jermaine Braxton," whereas "Jermaine Braxton Flowers" was referenced in the Adjudication of Nonparentage. The record contains no explanation for this discrepancy between names. However, the social security numbers referenced in the AOP and Adjudication of Nonparentage reflect "Jermaine Braxton" and "Jermaine Braxton Flowers" are the same man. We will refer to him as "Flowers" throughout this opinion.

that Flowers is not the father of T.M.T. The Attorney General does not appeal from the Adjudication of Nonparentage concerning T.M.T.

## II. ANALYSIS

In its sole issue, the Attorney General contends the trial court violated pertinent provisions of the Texas Family Code by finding the AOP was invalid and adjudicating Flowers's non-paternity relative to S.R.B.

Subchapter D of the Texas version of the Uniform Parentage Act governs voluntary acknowledgment of paternity. *See* Tex. Fam.Code Ann. §§ 160.301–.316 (Vernon 2002 & Supp.2007). Under Subchapter D, the mother and a man claiming to be the biological father of a child may sign an AOP with intent to establish the man's paternity. *Id.* § 160.301. Significantly, section 160.305(a) of Subchapter D provides:

> Except as provided by Sections 160.307 and 160.308, a valid acknowledgment of paternity filed with the bureau of vital statistics is the equivalent of an adjudication of the paternity of a child and confers on the acknowledged father all rights and duties of a parent.

*Id.* § 160.305(a).

The referenced sections 160.307 and 160.308 prescribe the process for rescinding or challenging an AOP. *See id.* §§ 160.307, 160.308. In particular, a signatory may rescind an AOP "by commencing a proceeding to rescind" within a specified time period. *Id.* § 160.307. Thereafter, a signatory "may commence a proceeding to challenge the [AOP] . . . only on the basis of fraud, duress, or material mistake of fact." *Id.* § 160.308(a). A party challenging an AOP bears the burden of proof. *Id.* § 160.308(b). A proceeding to rescind or challenge an AOP must be conducted in the same man-

ner as a proceeding to adjudicate parentage under Subchapter G of the Uniform Parentage Act. *Id.* § 160.309(d); *see* Tex. Fam.Code Ann. §§ 160.601–.637 (Vernon 2002 & Supp.2007) (comprising Subchapter G, which governs a proceeding to adjudicate parentage).

Moreover, Subchapter C of the Uniform Parentage Act generally governs the "parent-child relationship." *See* Tex. Fam. Code Ann. §§ 160.201–.204 (Vernon 2002 & Supp.2007). Subchapter C confirms that the father-child relationship is established by, among other methods, an effective AOP by the man under Subchapter D unless the AOP has been rescinded or successfully challenged. *Id.* § 160.201(b)(2).

The Attorney General contends the trial court erred by determining the AOP was invalid because no legal ground for challenge under section 160.308(a) was alleged or proved. We agree.

Preliminarily, we note that the trial court's order is not exactly clear regarding its reason for ruling the AOP was invalid. In particular, the trial court stated on the order, "Shenika Thomas testified on the record Jermaine Braxton Flowers is not the biological father *and* the AOP was not properly executed." (emphasis added). It is unclear whether the trial court found two separate reasons to invalidate the AOP: (1) Thomas testified Flowers is not the father; and (2) the AOP was not properly executed on its face; or whether the trial court invalidated the AOP based solely on Thomas's testimony, despite an AOP properly executed on its face. The trial court's comments at the hearing on the Attorney General's petition indicate the court invalidated the AOP based solely on Thomas's testimony. Nevertheless, even if the trial court found two separate rea-

sons to invalidate the AOP, we cannot uphold its order on either ground.

■ First, no party argued or presented evidence that the AOP was not properly executed on its face. Specifically, no party asserted that the statutory requirements for execution were not satisfied. *See id.* § 160.302 (prescribing requirements for execution of an AOP). Moreover, Thomas testified Flowers indeed signed the AOP; therefore, Thomas provided no testimony negating that Flowers properly executed the AOP. Instead, Thomas disclaimed Flowers's paternity despite his signature on the AOP. Therefore, the trial court erred if it found the AOP was invalid because it was not properly executed on its face.

■ Next, we also conclude the trial court erred if it invalidated the AOP based solely on Thomas's testimony. When the trial court signed the Adjudication of Nonparentage, the time period for rescission under section 160.307 had expired.[2] No signatory commenced a proceeding to rescind the AOP within this time period.

Therefore, section 160.308 would govern any challenge to the AOP. *Id.* § 160.308(a). When the trial court signed its order, the period for challenging the AOP under section 160.308 had not expired.[3] However, no signatory had commenced a proceeding to challenge the AOP, much less on any ground set forth in section 160.308(a). *See id.*

The Uniform Parentage Act does not authorize a trial court to invalidate an AOP based solely on testimony questioning the male signatory's paternity absent rescission of, or successful challenge to, the AOP. *See id.* §§ 160.301–.316; 160.201(b)(2). We cannot characterize Thomas's testimony as commencement of a proceeding to challenge the AOP. Further, her testimony did not constitute proof of a ground for challenge set forth in section 160.308(a). *See id.* § 160.308(a).

Accordingly, the trial court erred by finding the AOP was invalid and adjudicating Flowers's non-paternity relative to S.R.B. We sustain the Attorney General's sole issue.[4]

**2.** A signatory must commence a proceeding to rescind before the earlier of: (1) the 60th day after the effective date of the AOP; or (2) the date of the first hearing in a proceeding to which the signatory is a party to adjudicate an issue relating to the child. *See* Tex. Fam. Code Ann. § 160.307. Generally, an AOP takes effect on the date of the child's birth or the filing of the document with the Bureau of Vital Statistics, whichever occurs later. *Id.* § 160.304(c). In this case, the AOP was filed with the Bureau of Vital Statistics after S.R.B.'s birth and thus took effect upon filing. *See id.* The record does not reflect that a hearing occurred before the effective date of the AOP. Thus, a signatory was required to commence a proceeding to rescind the AOP by the 60th day after its effective date. *See id.* § 160.307. This period expired two years before the trial court's order.

**3.** A proceeding to challenge the AOP must be commenced before the fourth anniversary of

the date the AOP was filed with the Bureau of Vital Statistics unless the signatory was a minor on the date he/she executed the AOP, which extends the period for challenge. *See* Tex. Fam.Code Ann. § 160.308(a). Thomas was a minor when she signed the AOP; but, Flowers was not a minor when he signed it. The trial court rendered its order less than four years after the AOP was filed with the Bureau of Vital Statistics, so the period for challenge by either signatory had not expired.

**4.** Finally, we note the Attorney General contends the trial court was required, at a minimum, to order genetic testing before adjudicating Flowers's non-paternity of S.R.B. Although the Attorney General emphasizes this argument in its brief, we construe it as an alternative contention. Specifically, as the Attorney General recognizes, proof by genetic testing of the male signatory's non-paternity constitutes a material mistake of fact under section 160.308(a). *See* Tex.

## III. Conclusion

We reverse the portion of the Adjudication of Nonparentage in which the trial court ruled the AOP was invalid and adjudicated Flowers's non-paternity relative to S.R.B., and we remand for further proceedings consistent with this opinion. Because the Attorney General does not appeal the portion of the Adjudication of Nonparentage concerning T.M.T., we affirm that part of the order.

Fam.Code Ann. § 160.308(d). Further, in a proceeding to adjudicate paternity, the paternity of a child having an acknowledged father may be disproved only by admissible results of genetic testing excluding him, or identifying another man, as the father. *Id.* § 160.631. Additionally, subject to a few exceptions, a court shall order genetic testing if requested by a party in a proceeding to determine parentage. Tex. Fam.Code Ann. § 160.502(a) (Vernon 2002). However, there was no basis for ordering genetic testing relative to S.R.B. because no signatory commenced a proceeding to rescind or challenge the AOP in the first place. Moreover, adjudication of paternity was not necessary, and this case was not a proceeding to determine parentage of S.R.B. Instead, based on the AOP, the Attorney General proceeded directly to its request for conservatorship and support orders relative to S.R.B. Thus, the trial court erred by adjudicating non-paternity of S.R.B., irrespective of the absence of genetic testing.