NO. 07-08-0370-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 9, 2009

_____

IN RE C.S., RELATOR

_____

Before CAMPBELL, HANCOCK and PIRTLE, JJ.

**OPINION**

In this mandamus proceeding, relator C.S.[1] contends the trial court erred by setting aside an acknowledgment of paternity signed by real party in interest M.T., ordering C.S., her biological son Z. and M.T. submit to genetic testing, and failing to order the results of earlier private genetic testing destroyed. Finding the record does not support the extraordinary relief C.S. seeks, we will deny her petition on each ground alleged.

Background

Z. was born in May 2007, to C.S. The following day, she and M.T. signed an acknowledgment of paternity for recording with the bureau of vital statistics. It was

---

[1] In this opinion relator, her child, and the real party in interest are identified by one or more initials. *See* Tex. Fam. Code Ann. § 109.002(d) (Vernon 2002).

recorded June 13. In the acknowledgment, among other things, C.S. and M.T. declared under penalty of perjury that M.T. was the biological father of Z. C.S. subsequently filed for divorce from M.T. alleging they were married "on or about July 7, 2007." In an amended answer filed May 14, 2008, M.T. challenged the acknowledgment of paternity on the ground of fraud, duress, or material mistake of fact.

Following an evidentiary hearing, the trial court signed an order finding M.T. signed the acknowledgment of paternity under a material mistake of fact. It set aside the acknowledgment of paternity and further ordered genetic testing of Z., C.S., and M.T. nineteen days from the order date. On the motion of C.S., we temporarily stayed the genetic testing, pending our consideration of her petition.[2]

## Discussion

A relator petitioning for relief by mandamus must show a clear abuse of discretion and the absence of an adequate remedy by appeal. *In re Prudential Ins. Co. of Am.,* 148 S.W.3d 124, 135-36 (Tex. 2004). Mandamus is not a substitute for an ordinary appeal; rather, it is an extraordinary remedy available only in limited circumstances, and not for grievances that may be addressed by other remedies such as an appeal. *Walker v. Packer,* 827 S.W.2d 833, 840 (Tex. 1992) (orig. proceeding).

A clear abuse of discretion requires proof that "'the trial court could reasonably have reached only one decision,' and that its finding to the contrary is 'arbitrary and

---

[2] *See* Tex. R. App. P. 52.10.

unreasonable.'" *In re Dillard Dep't Stores, Inc.,* 198 S.W.3d 778, 780 (Tex. 2006) (orig. proceeding) (per curiam) (*quoting Walker,* 827 S.W.2d at 840). An appellate court may not deal with disputed areas of fact in an original mandamus proceeding. *In re Angelini,* 186 S.W.3d 558, 560 (Tex. 2006) (orig. proceeding). Nor, in reviewing findings of fact in a mandamus proceeding, may an appellate court substitute its judgment for that of the trial court. *Dillard Dep't Stores,* 198 S.W.3d at 780. There is therefore no abuse of discretion if the trial court bases its decision on conflicting evidence and some evidence supports the trial court's decision. *In re Barber,* 982 S.W.2d 364, 366 (Tex. 1998) (orig. proceeding).

The Acknowledgment of Paternity

In her first ground for relief by mandamus, C.S. contends the trial court erred by setting aside M.T.'s acknowledgment of paternity.

Section 160.304 of the Family Code specifies that an acknowledgment of paternity becomes effective on the date of the birth of the child or the filing of the document with the bureau of vital statistics, whichever is later. Tex. Fam. Code Ann. § 160.304(c) (Vernon 2002). "Except as provided by Sections 160.307 and 160.308, a valid acknowledgment of paternity filed with the bureau of vital statistics is the equivalent of an adjudication of the paternity of a child and confers on the acknowledged father all rights and duties of a parent." Tex. Fam. Code Ann. § 160.305(a) (Vernon 2002).

Sections 160.307 and 160.308 establish the process for rescinding and challenging an adjudication of paternity. Section 160.307 provides in pertinent part that a signatory

3

may rescind an acknowledgment of paternity by commencing a proceeding to rescind before the earlier of: (1) the 60th day after the effective date of the acknowledgment, as provided by section 160.304; or (2) the date of the first hearing in a proceeding to which the signatory is a party before a court to adjudicate an issue relating to the child, including child support.  *See* Tex. Fam. Code Ann. § 160.307 (Vernon 2002).  Following the expiration of the period for rescission under section 160.307, a signatory may initiate a proceeding challenging the acknowledgment of paternity on the ground of fraud, duress or material mistake of fact.  *See* Tex. Fam. Code Ann. § 160.308(a) (Vernon Supp. 2008).  An adult signatory must initiate a proceeding challenging the acknowledgment "before the fourth anniversary of the date the acknowledgment . . . is filed with the bureau of vital statistics . . . ."  Tex. Fam. Code Ann. § 160.308(a) (Vernon Supp. 2008).  Proof by genetic testing of the male signatory's non-paternity constitutes a material mistake of fact under section 160.308(a).  *See* Tex. Fam. Code Ann. § 160.308(d) (Vernon Supp. 2008).

As fact finder, the trial court heard and resolved contested testimonial and documentary evidence presented by M.T. and C.S.  To show the trial court's resolution of these contested facts amounts to a clear abuse of discretion, C.S. must demonstrate from the record that the evidence runs only one way; *viz.,* it is conclusive that M.T. did not sign the acknowledgment of paternity under the influence of fraud, duress or a material mistake of fact.  *See Dillard Dep't Stores,* 198 S.W.3d at 780.

According to the record evidence, prior to the birth of Z., C.S. informed M.T. of the possibility that he was not the father of Z. because of a sexual encounter she had with

another man. M.T. testified he wanted to be a father so when he heard the baby's heartbeat and saw the sonogram he told C.S. they would work through the situation. But C.S. agreed on cross-examination that between December 2006 and May 2007 she told M.T. "on numerous occasions" he was the father of Z. And M.T. testified that in conjunction with doctor visits during her pregnancy C.S. told him, "'I'm positive you are the dad.'" According to M.T., throughout the pregnancy he believed the statements of C.S. that he was the father of Z. And believing these representations, he signed the acknowledgment of paternity. Under penalty of perjury C.S. and M.T. acknowledged M.T.'s parentage the day following the birth of Z.

When taken as a whole, the record evidence, if believed, constitutes some evidence on which reasonable minds could disagree as to whether M.T. labored under a material mistake of fact when he executed the acknowledgment of paternity. *See Merrell Dow Pharms., Inc. v Havner,* 953 S.W.2d 706, 711 (Tex. 1997) (some evidence, meaning more than a scintilla, exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions"). In the face of some evidence, we may not say the trial court clearly abused its discretion in permitting M.T.'s challenge to the acknowledgment of paternity to go forward. *See Walker,* 827 S.W.2d at 839-40 (record must demonstrate trial court could have reached only one decision). Accordingly, we deny C.S.'s first ground for mandamus relief.

5

Genetic Testing

C.S., secondly, seeks a writ of mandamus compelling the trial court to vacate its order requiring genetic testing of M.T., C.S. and Z. The order of genetic testing remains stayed pending our consideration of C.S.'s petition.

M.T. sought adjudication of the parent-child relationship and moved for genetic testing. Subject to exceptions, Family Code § 160.502 requires a court to order genetic testing if requested by a party in a proceeding to determine parentage. Tex. Fam. Code Ann. § 160.502(a) (Vernon 2002).

C.S. claims irreparable harm will result if genetic testing proceeds. She relies on case law holding that a trial court abuses its discretion by ordering genetic testing when a child's paternity has been legally established and a determination of parentage has not been set aside, citing *In re Rodriguez,* 248 S.W.3d 444, 451 (Tex.App.–Dallas 2008, orig. proceeding) and *In re Att'y Gen. of Tex.,* 195 S.W.3d 264, 269 (Tex.App.–San Antonio 2006, orig. proceeding). Those cases are to be distinguished. In both, the party seeking genetic testing brought the proceeding outside the four-year statutory limitation period. *Rodriguez* involved a proceeding to adjudicate parentage brought by a presumed father later than four years after birth of the child, and the presumed father presented no evidence supporting the exception to the four-year time limitation under § 160.607(b). 248 S.W.3d at 446; Tex. Fam. Code Ann. § 160.607 (Vernon Supp. 2008). In *Att'y Gen. of Tex.*, a challenge to an acknowledgment of paternity was brought after the fourth anniversary of filing of the acknowledgment. 195 S.W.3d at 266; Tex. Fam. Code Ann. §

6

160.308 (Vernon Supp. 2008).[3] There, the court noted the acknowledgment challenger had "significant hurdles to overcome before his legal status as [the child's] father can be set aside." *Id*. at 269-70.[4]

In this record, no such impediment appears to M.T.'s suit seeking adjudication of parentage or his motion for genetic testing. M.T.'s challenge to the acknowledgment of paternity was brought well within the time limitation, and we have found no abuse of discretion in the trial court's determination to permit his challenge to go forward. Nor does the record reflect an abuse of discretion by the trial court in its ordering of genetic testing of M.T., C.S. and Z.[5] We deny C.S.'s second ground for mandamus relief and lift the stay of court-ordered genetic testing.

---

[3] Similarly, in *Office of Att'y Gen.,* No. 01-08-0670-CV, 2008 W.L. 5177170 *8, 2008 Tex. App. Lexis 9228 *25-26 (Tex.App.–Houston [1st Dist.] December 11, 2008, orig. proceeding), the appellate court found the trial court abused its discretion by granting a bill of review of the judgment establishing the petitioner's paternity, and, on the basis of that ruling, also found the trial court abused its discretion by ordering genetic testing for purposes of the retrial, and in *Amanda v. Montgomery*, 877 S.W.2d 482 (Tex.App.–Houston [1st Dist.] 1994, orig. proceeding), the court found the trial court abused its discretion by ordering paternity testing at the behest of bill of review petitioner who had not, and could not, meet the initial requirements for bringing a bill of review. *Id*. at 485-86.

[4] Our sister courts have found at least two reasons for review of such orders by mandamus. *See Office of Att'y Gen.,* No. 01-08-0670-CV, 2008 W.L. 5177170 at *7, 2008 Tex. App. Lexis 9228 at *21-22 (summarizing cases). First, it is said an order of paternity testing is a discovery order the effects of which, if erroneously issued, may not be cured on ordinary appeal because of the sensitive and personal nature of the results. *In re Att'y Gen. of Tex.,* 195 S.W.3d at 270. Second, depending on the facts, revealing the results of genetic testing may cause irreparable harm in the child. *Id.*; *In re Rodriguez,* 248 S.W.3d at 454.

[5] C.S. does not contend that the circumstances at bar come within the provisions of Family Code § 160.608. Tex. Fam. Code Ann. § 160.608 (Vernon Supp. 2008).

Destruction of Private Genetic Testing Results

C.S. next requests we issue a writ of mandamus compelling the trial court to order the results of private genetic testing undertaken by M.T. in June 2008 destroyed. In support of her argument that such an order is reviewable by mandamus, C.S. again relies on *In re Rodriguez.* 248 S.W.3d 444. For the reasons we have discussed, *Rodriguez* does not provide support for C.S.'s contention. There the trial court ordered immediate genetic testing on the request of a presumed father even though his proceeding to adjudicate parentage was not brought within the four-year statutory limitation period, and the presumed father failed to make even a prima facie case showing his entitlement to proceed with his untimely-brought proceeding. *Id.* at 453. We do not find that at this juncture of the proceedings the trial court clearly abused its discretion by refusing to order destruction of private genetic testing results.

But even were we to assume for the sake of argument the trial court abused its discretion by signing the challenged order, the record must also show C.S. has no adequate remedy by appeal. The adequacy of appellate remedy is without "comprehensive definition." *Prudential,* 148 S.W.3d at 136. Its determination necessitates a careful balance of jurisprudential considerations implicating both public and private interests.[6] *See id.* The analysis naturally includes whether the benefits to mandamus

---

[6] The Court in *Prudential* gave this supporting substance to the precept:

Mandamus review of incidental, interlocutory rulings by the trial courts unduly interferes with trial court proceedings, distracts appellate court attention to issues that are unimportant both to the ultimate disposition of the case at hand and to the uniform development of the law, and adds unproductively to

review are outweighed by the detriments. *See id.* An appeal is inadequate if a litigant is in danger of permanently losing substantial rights. *In re Van Waters & Rogers, Inc.,* 145 S.W.3d 203, 211 (Tex. 2004) (orig. proceeding). That circumstance may arise if an appellate court would not be able to cure the error, the litigant's ability to present a viable claim or defense is vitiated, or the error cannot be made part of the appellate record. *Id.*

The interlocutory order of the trial court of which C.S. complains merely forbids destruction of private genetic testing results obtained by M.T. in June 2008. Nothing in the record before us shows that the alleged error could not be cured on appeal. C.S.'s third ground for relief by mandamus is denied.

### Conclusion

Having found C.S. has not demonstrated entitlement to extraordinary relief on the grounds alleged, we deny her petition for mandamus. This court's stay of the trial court's order of genetic testing is lifted.

James T. Campbell
Justice

---

the expense and delay of civil litigation. Mandamus review of significant rulings in exceptional cases may be essential to preserve important substantive and procedural rights from impairment or loss, allow the appellate courts to give needed and helpful direction to the law that would otherwise prove elusive in appeals from final judgments, and spare private parties and the public the time and money utterly wasted enduring eventual reversal of improperly conducted proceedings.

*Prudential,* 148 S.W.3d at 136.