### In re: Luis AGUILAR, Relator.

### No. 07–10–0493–CV.

Court of Appeals of Texas,
Amarillo,
Panel D.

Jan. 26, 2011.

Richard C. Naylor, Attorney at Law, Amarillo, TX, for Relator.

Pamela Cook Sirmon, Judge, County Court At Law No. 2, Amarillo, TX, for Respondent.

Rick L. Russwurm, Moore Lewis & Russwurm, P.C., Dumas, TX, for Real Party in Interest.

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

PER CURIAM.

Pending before this court is the application of Luis Aguilar for a writ of mandamus.[1] He requests that we "issue Mandamus directing the County Court at Law No. 2 to vacate its unauthorized order of remand and proceed appropriately with determination of the merits of the pending action after the remand is vacated." We deny the application.

In Justice Court, Precinct 2, for Potter County, Aguilar sued Dutcher's Auto Collision Repair, L.L.C. The case was tried by that court on May 12, 2010. A final judgment eventually was entered by the justice court, from which an appeal was taken to the County Court at Law No. 2, for Potter County. However, the justice court granted a new trial. That a new trial was so granted was brought to the attention of the county court at law. The latter then held a hearing, decided, via letter, that granting a new trial resulted in the absence of any judgment to appeal, and ordered that the "matter [be] returned to . . . the trial court for a trial on the merits." However, it also directed counsel for Dutcher's to prepare the requisite order memorializing that decision.

We deny Aguilar's petition for the following reason. He has an adequate remedy at law through appeal. *In re C.S.,* 277 S.W.3d 82, 84 (Tex.App.-Amarillo 2009, orig. proceeding) (stating that the right to appeal is a remedy at law negating one's purported entitlement to mandamus relief). And, the issue to appeal involves whether the county court at law had jurisdiction to entertain an appeal from the justice court.

From the tenor of his petition for writ of mandamus, Aguilar simply is asking us to adjudicate whether the county court at law has jurisdiction over the appeal. It is clear that the county court at law believes it does not given the justice court's decision to grant a new trial. However, the latter viewpoint, as well as the decision to remand the cause, apparently has yet to be incorporated into a final, written order. Once such an order dismissing the appeal for want of jurisdiction is signed, then Aguilar has the legal remedy of appealing the dismissal to this court.

Accordingly, the petition for a writ of mandamus is denied.

PATRICK A. PIRTLE, Justice, dissenting.

The majority finds that Relator, Luis Aguilar, has an adequate remedy at law through appeal and, accordingly, denies his request for either a writ of mandamus or a writ of prohibition. I respectfully disagree.

In the Justice of the Peace Court in and for Potter County, Texas, Relator sued the Real Party in Interest, Dutcher's Auto Collision Repair, L.L.C., for breach of contract concerning repairs to his vehicle. On May 12, 2010, following a bench trial on the merits, the Justice of the Peace Court rendered judgment disposing of both the Relator's claims and the Real Party in Interest's counterclaims. On May 24, 2010, the court signed an order granting Plaintiff's motion for new trial. Subsequently, on June 10, 2010, the court signed a written judgment memorializing its original judgment of May 12. The Real Party

---

**1.** Relator, later, filed an application for writ of prohibition stating that either a writ of prohibition or a writ of mandamus is appropriate.

in Interest then appealed the case to the Potter County Court at Law No. 2 by the filing of an appeal bond on June 21, 2010. On November 8, 2010, the Potter County Court at Law No. 2 entered an order remanding the case to the Justice of the Peace Court for a trial on the merits. Relator now seeks to have this Court direct the Potter County Court at Law No. 2 to vacate its order of November 8 or prohibit that court from remanding this case to the Justice of the Peace Court for a retrial.

### Analysis

In order to be entitled to relief by writ of mandamus or writ of prohibition, a relator must meet two requirements: one is to show that the trial court clearly abused its discretion, and the other is to show that it has no adequate remedy by appeal. *In re Ford Motor Co.*, 988 S.W.2d 714, 718 (Tex. 1998) (orig.proceeding); *Walker v. Packer*, 827 S.W.2d 833, 840–44 (Tex.1992) (orig.proceeding). "An appellate remedy is 'adequate' when any benefits to mandamus review are outweighed by the detriments." *In re Prudential Ins. Co. of Am.*, 148 S.W.3d 124, 136 (Tex.2004) (orig.proceeding).

An aggrieved party may appeal a justice court judgment to the county court. *See* Tex. Civ. Prac. & Rem.Code Ann. § 51.001 (West 2008). The result is a trial *de novo.* Tex.R. Civ. P. 574b. An appeal of a justice court judgment is perfected "[w]hen the bond, . . ., provided for in the rules applicable to justice courts, has been filed and the previous requirements have been complied with . . . ." Tex.R. Civ. P. 573. The appeal bond must be filed within ten days after the date the judgment in question is signed. Tex.R. Civ. P. 571. In computing the ten day period prescribed by Rule 571 for the filing of an appeal bond, when the last day of the period is a Sunday, the period runs until the end of the next day which is not a Saturday, Sunday, or legal holiday. Tex.R. Civ. P. 4.

Thus, for the Real Party in Interest in this case to appeal the June 10 judgment of the Justice of the Peace Court, it was required to file an appeal bond by June 20. Because June 20, 2010, was a Sunday, the appeal bond filed on June 21 was timely. The timely filing of the appeal bond had the effect of vesting the Potter County Court at Law No. 2 with jurisdiction to conduct a trial *de novo.* Because the Potter County Court at Law did not have jurisdiction to remand the case to the justice court, much less appear to authorize a retrial, it abused its discretion by attempting to do so.

In this situation, appellate review is inadequate because the benefits of mandamus and/or prohibition greatly outweigh the detriments. This is so because (1) a county court's jurisdiction, as invoked by an "appeal" from a justice court, does not include the authority to review the propriety of the justice court's ruling and to "remand" this case for a trial on the merits, Tex. Civ. Prac. & Rem.Code Ann. § 51.001 (West 2008), Tex.R. Civ. P. 574b; (2) even if the case were remanded and retried, either party would still be entitled to trial *de novo* before the same county court simply by perfecting another "appeal" following the same procedures, resulting in a duplication of proceedings and the waste of valuable judicial time and resources; (3) remanding a cause to justice court for retrial effectively establishes a circulative procedure whereby a case could never reach a judgment which is ultimately final and appealable to this Court; and (4) the granting of mandamus or prohibition relief will not result in any, or at most, negligible detriment to the parties.

**Conclusion**

Because I find that the Potter County Court at Law abused its discretion in remanding this case to the justice court for retrial, and because I find that Relator has no adequate remedy at law, I would conditionally grant Relator's petition for writ of mandamus and/or writ of prohibition based on the refusal of the Potter County Court at Law to vacate its order of November 8, 2010, and proceed appropriately to a determination of the merits of the pending action after the remand is vacated.