NO.  07-10-0493-CV

                                                             

                                                   IN
THE COURT OF APPEALS

 

                                       FOR THE
SEVENTH DISTRICT OF TEXAS

 

                                                                 AT
AMARILLO

 

                                                                     PANEL
D

 

                                                            JANUARY
26, 2011

 

                                            ______________________________

 

In re: LUIS AGUILAR,

 

                                                                                                            Relator

                                            ______________________________

 

                OPINION ON ORIGINAL PROCEEDING
FOR WRIT OF MANDAMUS

                                            ______________________________

 

Before
QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Pending
before this court is the application of Luis Aguilar for a writ of mandamus.[1]  He requests that we “issue Mandamus directing
the County Court at Law No. 2 to vacate its unauthorized order of remand and
proceed appropriately with determination of the merits of the pending action
after the remand is vacated.”  We deny the
application.

In Justice
Court, Precinct 2, for Potter County, Aguilar sued Dutcher’s
Auto Collision Repair, L.L.C.  The case was tried by that court on May 12,
2010.  A final judgment eventually was
entered by the justice court, from which an appeal was taken to the County
Court at Law No. 2, for Potter County. 
However, the justice court granted a new trial.  That a new trial was so granted was brought
to the attention of the county court at law.  The latter then held a
hearing, decided, via letter, that granting a new trial resulted in the absence
of any judgment to appeal, and ordered that the “matter [be] returned to . . . the
trial court for a trial on the merits.” 
However, it also directed counsel for Dutcher’s
to prepare the requisite order memorializing that decision.    

            We deny Aquilar’s petition for
the following reason.  He has an adequate
remedy at law through appeal.  In re C.S., 277 S.W.3d 82, 84 (Tex. App.–Amarillo 2009, orig. proceeding) (stating
that the right to appeal is a remedy at law negating one’s purported
entitlement to mandamus relief).   And,
the issue to appeal involves whether the county court at law had jurisdiction
to entertain an appeal from the justice court. 


            From the tenor of his petition for writ of mandamus,
Aguilar simply is asking us to adjudicate whether the county court at law has
jurisdiction over the appeal.  It is
clear that the county court at law believes it does not given the justice
court’s decision to grant a new trial.  However,
the latter viewpoint, as well as the decision to remand the cause, apparently
has yet to be incorporated into a final, written order.  Once such an order dismissing the appeal for
want of jurisdiction is signed, then Aguilar has the legal remedy of appealing
the dismissal to this court.  

            Accordingly, the petition for a writ of mandamus is denied.    

 

Per Curiam











[1]Relator, later, filed an application for writ
of prohibition stating that either a writ of prohibition or a writ of mandamus
is appropriate.