NO. 07-10-0493-CV
 
 IN THE COURT OF APPEALS

 FOR THE SEVENTH DISTRICT OF TEXAS

 AT AMARILLO

 PANEL D

 JANUARY 26, 2011

 ______________________________
 
 In re: LUIS AGUILAR,

 Relator
 ______________________________

 OPINION ON ORIGINAL PROCEEDING FOR WRIT OF MANDAMUS
 ______________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.
Pending before this court is the application of Luis Aguilar for a writ of mandamus. He requests that we "issue Mandamus directing the County Court at Law No. 2 to vacate its unauthorized order of remand and proceed appropriately with determination of the merits of the pending action after the remand is vacated." We deny the application.
In Justice Court, Precinct 2, for Potter County, Aguilar sued Dutcher's Auto Collision Repair, L.L.C. The case was tried by that court on May 12, 2010. A final judgment eventually was entered by the justice court, from which an appeal was taken to the County Court at Law No. 2, for Potter County. However, the justice court granted a new trial. That a new trial was so granted was brought to the attention of the county court at law. The latter then held a hearing, decided, via letter, that granting a new trial resulted in the absence of any judgment to appeal, and ordered that the "matter [be] returned to . . . the trial court for a trial on the merits." However, it also directed counsel for Dutcher's to prepare the requisite order memorializing that decision. 
 We deny Aquilar's petition for the following reason. He has an adequate remedy at law through appeal. In re C.S., 277 S.W.3d 82, 84 (Tex. App. - Amarillo 2009, orig. proceeding) (stating that the right to appeal is a remedy at law negating one's purported entitlement to mandamus relief). And, the issue to appeal involves whether the county court at law had jurisdiction to entertain an appeal from the justice court. 
 From the tenor of his petition for writ of mandamus, Aguilar simply is asking us to adjudicate whether the county court at law has jurisdiction over the appeal. It is clear that the county court at law believes it does not given the justice court's decision to grant a new trial. However, the latter viewpoint, as well as the decision to remand the cause, apparently has yet to be incorporated into a final, written order. Once such an order dismissing the appeal for want of jurisdiction is signed, then Aguilar has the legal remedy of appealing the dismissal to this court. 
 Accordingly, the petition for a writ of mandamus is denied. 

Per Curiam